United States District Court
Southern District of Texas
**ENTERED**
June 22, 2021
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| YVETTE FRAZIER, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-CV-011 |
| | § | |
| ROBERT WILKIE, ACTING SECRETARY | § | |
| DEPARTMENT OF VETERANS AFFAIRS, | § | |
| *Defendant*. | § | |

## <u>MEMORANDUM AND RECOMMENDATON</u>

This dispute is before the Court on Defendant's Motion for Summary Judgment.[1]  ECF 30. Having reviewed the parties' submissions and the law, the Court recommends that the Motion be granted and this case be dismissed with prejudice.

## I.     Background

The following facts are undisputed unless otherwise noted.  Plaintiff Yvette Frazier is a lead program support assistant in the operative case line at the Veteran's Affairs (VA) Medical Center in Houston.  Plaintiff suffers from, among other ailments, Raynaud's syndrome, which is a medical condition that affects blood flow to a person's fingers.  Her physicians have recommended that she work in a temperature of approximately 80 degrees.  In January 2011, the VA partially granted Plaintiff's request for reasonable accommodations for her condition by providing her with ergonomic work equipment, a space heater, and allowing her to keep the door to her two-person office closed in order to regulate the temperature.  She worked in that environment for several years without further request for accommodation.

---

[1] The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 26.

In September 2016, Plaintiff asked to be moved to a different office because she was suffering respiratory issues due to work being done on the air conditioning system in her area. Plaintiff contends she was moved to make way for a new employee, although she acknowledges she also had to be moved due to the air conditioning work. She was offered various other offices in September 2016 but complained that her respiratory and/or temperature issues continued in each of those offices. Plaintiff then requested to be moved to a small storage space the VA describes as a housekeeping closet without ventilation. Plaintiff contends, but Defendant disputes, that she also asked to be allowed to telework. In December 2016, Plaintiff filed a Complaint of Discrimination seeking to be "located [in] a storage space to enable me to maintain a temperature of 80 degrees."[2] It is undisputed that the VA denied Plaintiff's request to office in the small storage space. Frazier continues to complain that she cannot adequately control the temperature in her office despite use of a VA-provided space heater. Although the air conditioning work was completed four years ago, Plaintiff claims her respiratory problems have continued and she refuses to return to the office where she worked without incident before September 2016. Prior to the institution of telework due to the Covid-19 pandemic, Plaintiff was performing her job in an area with space for distancing with three other employees. Plaintiff contends in her lawsuit that her requests to be relocated to the small storage space and to telework are reasonable accommodations for her disability and that the VA denied these accommodations in violation of the Rehabilitation Act.

## II.    Summary Judgment Standards

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The party moving

---

[2] Plaintiff filed a second EEO complaint in October 2017 alleging various incidents of disparate treatment, most of which were dismissed as untimely and none of which are at issue here. *See* ECF 48-3.

for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Cotroneo v. Shaw Env't & Infrastructure, Inc.,* 639 F.3d 186, 191 (5th Cir. 2011). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *Voss v. Goode,* 954 F.3d 234, 236 (5th Cir. 2020). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002). If the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and must present evidence such as affidavits, depositions, answers to interrogatories, and admissions on file to show "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The Court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013). In ruling on a motion for summary judgment the Court does not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." *Honore v. Douglas,* 833 F.2d 565, 567 (5th Cir. 1987). However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (quoting *Celotex*, 477 U.S. at 325).

## III.   Analysis

Plaintiff asserts claims against the VA under Section 504 of the Rehabilitation Act of 1973 for failure to accommodate her disability.[3] Defendant moves for summary judgment on the

---

[3] The Court denied Plaintiff leave to file a late amended pleading asserting a claim for damages under Section 501 of the Rehabilitation Act. ECF 50.

grounds that the VA provided Plaintiff with reasonable accommodations and her request to work in a storage closet was unreasonable as a matter of law.[4]

As a threshold matter, the Court addresses Defendant's objection to much of Plaintiff's summary judgment evidence. Defendant represents, without contradiction, that most of the exhibits to Plaintiff's summary judgment Response were not produced during discovery. *See* ECF 48. Defendant also points out certain unexplained irregularities with Exhibit 16. *Compare* 46-17 at 14 *with* ECF 47-5 at 2. Given that the exhibits consist mostly of email and text messages sent to and from Plaintiff's own accounts, the Court agrees with Defendant that the information certainly should have been produced by Plaintiff in discovery. Even so, the Court declines to strike the exhibits from the summary judgment record and notes that none of the exhibits raises a genuine issue of material fact in support of Plaintiff's claims that the VA denied her a reasonable accommodation for her disability.

### A.      Rehabilitation Act Standards

The Rehabilitation Act "impose[s] upon public entities an affirmative obligation to make reasonable accommodations for disabled individuals." *Smith v. Harris Cty., Texas*, 956 F.3d 311, 317 (5th Cir. 2020) (quoting *Bennett–Nelson v. Louisiana Board of Regents*, 431 F.3d 448, 454 (5th Cir. 2005)). To establish a *prima facie* case on a failure-to-accommodate claim, a plaintiff must show that: (1) she is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered entity; and (3) the entity denied or failed to make reasonable accommodations. *Id.* (quoting *Ball v. LeBlanc*, 792 F.3d 584, 596 n. 9 (5th Cir. 2015)). The VA does not dispute its status as a covered entity, Frazier's status as a qualified

---

[4] Defendant also moves for summary judgment on Plaintiff's allegation that "the discrimination took the form of direct insults and harassment that go directly to the heart of the stereotyping and disdain made unlawful by the Rehabilitation Act." ECF 30 at 9 (citing First Amended Complaint, ECF 15, ¶ 27). Plaintiff did not address this argument in her summary judgment Response and did not present any evidence supporting such a claim. *See* ECF 30.

individual, or that the VA had knowledge of Frazier's disability and limitations.  The VA does contend, however, that Frazier cannot meet the third element of her failure-to-accommodate claim because, as a matter of law, the VA made reasonable accommodations for Frazier's disability.

The law does not require an employer to provide a plaintiff's preferred accommodation, only one that is reasonable.  *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 224 (5th Cir. 2011). "An accommodation is reasonable if 'it does not impose undue financial or administrative burdens or 'fundamentally alter the nature of the service, program or activity.'"  *Id.* (quoting *Cadena v. El Paso Cty.*, 946 F.3d 717, 724 (5th Cir. 2020)).  Factors to consider when determining whether an accommodation is "reasonable" include: (1) the size, facilities, and resources of the defendant, (2) the nature and cost of an accommodation, (3) the extent to which the accommodation is effective in overcoming the effects of the disability, and (4) whether the accommodation would require a fundamental alteration in the nature of the defendant's program.  *See, e.g.,* 45 C.F.R. § 84.12(c)(1-3); *School Bd. of Nassau County v. Arline,* 480 U.S. 273, 288 n.17 (1987).  "It is the plaintiff's burden to request reasonable accommodations."  *Jenkins v. Cleco Power, LLC*, 487 F.3d 309, 315 (5th Cir. 2007).  In addition, "[a] plaintiff bears the burden of proving the reasonableness of an accommodation in his prima facie case."  *Jones v. Lubbock Cty. Hosp. Dist.,* 834 F. App'x 923, 926 (5th Cir. 2020).  The reasonableness of an accommodation is generally a fact question. *Id.*

### B.    Defendant is entitled to summary judgment on Plaintiff's claim related to telework.

Plaintiff has not met her burden to submit evidence raising a genuine question of material fact on her claim that the VA denied a request to telework.  She contends that she asked her supervisors about telework at various times between October 2016 and May 2020.  *See* ECF 47-7 at 2; ECF 46-11 at 9; 46-27 at 1.  However, nothing in the record demonstrates that Plaintiff made

and was denied a request for the accommodation of telework prior to the filing of her lawsuit. In January 2016, Plaintiff's second-line supervisor, Shirisha Chunchu, informed Plaintiff that Plaintiff must "contact Alfreda Clay to start the formal reasonable accommodations process. I will not be able to accommodate any of your request[s] outside of the formal process. Please start the process soon so that we can address your concerns." ECF 47-5 at 3. Thereafter, Plaintiff sent a February 5, 2016 email to Mills asking for "a comfortable chair, keyboard as well as a rotating heater with remote for better air circulation." ECF 46-18. The February 2016 email fails to request an accommodation for telework. *Id.* Plaintiff's previously unproduced October 19, 2016 email to her first-line supervisor, Herbert Mills, indicates that during a meeting the prior day she "suggested telework;" says that she will await word on whether Mills "can locate a suitable space within the hospital;" and concludes "[i]f not, *I will submit* another reasonable accommodation request that will address my needs." ECF 47-7 (emphasis added).

Plaintiff's December 2016 EEO Complaint seeks the remedy of being moved to "a storage space to enable me to maintain a temperature of 80 degrees," but fails to mention a request for telework. ECF 46-10 at 3. In response to the EEO Complaint, the only claims accepted for investigation by the Office of Resolution Management were:

> A)     Whether the Complainant was discriminated against based on disability, effective September 26, 2016, Herbert Mills (HM), supervisor, provided the Complainant an inadequate reasonable accommodation, when he reassigned her to a different office location that did not meet her medical needs.
>
> B)     Whether the Complainant was discriminated against based on disability, when on December 19, 2016, Dr. Awad denied the Complainant's request for reasonable accommodation to work in a storage area with a heater.

ECF 46-11 at 1; *see also* 48-3 at 4 (Final Agency Determination). During the administrative process, Plaintiff submitted an affidavit dated June 5, 2017 in which she states that she requested the accommodation of telework. ECF 46-11 at 9. But the December 2018 Final Agency

Determination found "[t]he Record is silent regarding the telework request; there is no evidence it was formally denied."  ECF 48-3 at 11.

As was the case at the administrative level, the record before this Court fails to demonstrate that the VA denied a formal request for the reasonable accommodation of telework prior to Plaintiff's filing of this lawsuit.  For example, the summary judgment evidence submitted by Plaintiff indicates that she did not make a telework request (much less a formal request as she was directed to do by Chunchu) until the spring of 2020.  This evidence includes (1) a text from Plaintiff to Mills dated March 31, 2020 saying "are you able to meet me by the surgical office to give you the telework memo?" and (2) a May 4, 2020 email from Plaintiff to Mills stating "I have requested to telework *almost a month ago* . . .."  ECF 46-26, 46-27 at 1 (emphasis added).

Because Plaintiff failed to produce summary judgment evidence raising a genuine dispute as to whether the VA denied a formal request for telework prior to the filing of her lawsuit, and because Plaintiff failed to raise the telework issue in her EEO Complaint,[5] the Court concludes Defendant is entitled to summary judgment on Plaintiff's claim that the VA violated the Rehabilitation Act by denying the reasonable accommodation of telework.

### C.    Defendant is entitled to summary judgment on Plaintiff's claim related to officing in a storage space.

It is Plaintiff's burden to show that her request for the accommodation of officing in the storage space was reasonable.  *Jones,* 834 F. App'x at 926.   Yet, Plaintiff's Response to Defendant's Motion for Summary Judgment does not address any of the relevant factors for

---

[5] This claim is subject to dismissal for failure to exhaust administrative remedies because Plaintiff failed to include any information regarding a telework accommodation in her EEO Complaint and the Final Agency Decision concluded there was nothing in the record showing the VA *denied* a reasonable accommodation of telework.  A federal employee asserting a failure-to-accommodate claim under Section 504 of the Rehabilitation Act must exhaust her administrative remedies by filing an EEO complaint prior to filing a lawsuit.  *Carter v. Ridge*, 255 F. App'x 826, 832 (5th Cir. 2007).

determining the reasonableness of an accommodation. *See* ECF 46. The record establishes that Defendant offered Plaintiff alternatives to the space to which she was assigned on September 14, 2016, but she has rejected them as unsuitable. ECF 30-3; ECF 30-4; *see also* ECF 30-1 at 13-19. Despite completion of the A/C work that forced her September 2016 move, Plaintiff also has rejected offers to move back to the surgical suites, where she officed for several years without complaint after being given the accommodation of a space heater and permission to keep her door closed. ECF 30-1 at 10. According to Defendant, the storage closet was not appropriate for use as an office because it is the size of a broom closet and has no ventilation. ECF 30-3. Plaintiff admits she does not know whether her requested accommodation has proper ventilation. ECF 30-1 at 25. No evidence demonstrates that Plaintiff asked for and was denied the accommodation of relocating to any other specific location. Finally, despite her dissatisfaction with her office environment Plaintiff has consistently received satisfactory or better performance evaluations, indicating that she has been able to fulfill the essential functions of her job with the existing accommodations. ECF 30-5 at 12; ECF 47-8.

In sum, Plaintiff has not met her summary judgment burden to present evidence that she requested and was denied reasonable accommodations for her disability.[6]

## IV.    Conclusion and Recommendation

For the reasons discussed above, the Court RECOMMENDS that Defendant's motion be GRANTED and this case be dismissed with prejudice.

---

[6] Defendant also argues that because Plaintiff rejected its proposed reasonable accommodations, she is no longer a "qualified individual" under the Rehabilitation Act. ECF 48 at 11-12. Under the Rehabilitation Act, "if [a qualified] individual rejects a reasonable accommodation, aid, service, opportunity or benefit that is necessary to enable the individual to perform the essential functions of the position held or desired, and cannot, as a result of that rejection, perform the essential functions of the position, the individual will not be considered qualified." 29 C.F.R. § 1630.9. Here, the evidence indicates that Plaintiff has been able to perform the essential functions of her position despite her rejection of alternative offices. The Court bases its recommendation on Plaintiff's failure to meet her summary judgment burden as to the reasonableness of her requested accommodation, not on the grounds that she is no longer a qualified individual.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

 Signed on June 22, 2021, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge